UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

In re:  MICHAEL JAMES BAKER,
      SUZIE CARMEN BAKER,

        Debtors.

_____/

DOUGLAS S. ELLMANN, Trustee,

        Appellant,

v.

MICHAEL JAMES BAKER;
SUZIE CARMEN BAKER,

        Appellees.



_____/

Court of Appeals
Case No. 14-2149


Lower Court Cases:

U.S. District Court
Case No. 2:14-cv-11924-SJM-MJH
Hon. Stephen J. Murphy, III

U.S. Bankruptcy Court
Chapter 7
Case No. 08-43175-tjt
Hon. Thomas J. Tucker


**REPLY BRIEF OF APPELLANT**


SILVERMAN & MORRIS, P.L.L.C.
By:  Thomas R. Morris (P39141)
Special Counsel to Appellant/Trustee
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
morris@silvermanmorris.com
(248) 539-1330   Fax:  (248) 539-1355

# **TABLE OF CONTENTS**

**Page**

Index of Authorities...................................................................................... iii

Statement of the Case................................................................................... 1

   I.  Discussion............................................................................................ 1

       A.  Introduction................................................................................. 1

       B.  *Law v. Siegel* did not invalidate Rule 1009(a).................................... 2

       C.  Bad faith continues to be a basis for the denial of an attempted
          amendment of a claim of exemptions after the case has been closed.. 3

       D.  The Objection was made with adequate specificity, and if not, the
          Trustee should have been permitted to amend it................................. 4

          1.  The Objection stated a claim........................................................... 5

          2.  If the Objection required amendment, the Trustee should have
              been permitted to amend it............................................................. 7

          3.  The Debtors failed to claim either excusable neglect or to argue
              that the bankruptcy court was precluded from disallowing the
              exemption based upon bad faith....................................................... 9

          4.  Bad faith is nevertheless the issue.................................................. 9

   II.  Conclusion....................................................................................... 10

# INDEX OF AUTHORITIES

## Case Law

*In re Blum*, 39 B.R. 897 (Bkrtcy. S.D. Fla. (1984)................................................. 7

*Culpepper v. Culpepper*, 147 Fla. 632, 3 S.2d. 330 (1941)..................................... 8

*In re Fordu*, 201 F.2d 693 (6th Cir. 1999)............................................................. 2

*In re Froid*, 89 B.R. 950 (Bankr. M.D. Fla. 1988)................................................. 7

*In re Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358,

365 (1932)............................................................................................................. 9

*In re Grosslight*, 757 F.2d 773 (6th Cir. 1985)...................................................... 7

*Hayward v. Richardson Constr. Co.*, 136 Mont. 241, 347 P.2d 475 (1959).......... 8

*Johnson v. City of Shelby, Mississippi*, __ S. Ct. __, 2014 WL 5798626.............. 6

*In re Laurain*, 113 F.3d 595 (6th Cir. 1997)......................................................... 7

*Law v. Siegel,* ___ U.S. ____, 134 S. Ct. 1188 (2014)................................... 1-4; 7-9

*Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984)........................................ 1-2, 4

*In re Mitchell*, 2014 WL 1725819 (Bankr. N.D. Ohio)........................................... 1

*Pioneer Inv. Servs. Co. v. Bruswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)....... 9

*In re Poulette,* 493 B.R. 729 (Bankr. D. Md. 2013).............................................4-5

*In re Riding*, 44 B.R. 846 (Bankr. D. Utah 1984).................................................. 6

*In re Rijos*, 263 B.R. 382 (1st Cir. BAP 2001)...................................................... 6

*In re Shumac*, 425 B.R. 139 (Bankr. M.D. Pa. 2010)............................................ 7

*In re Swift*, 124 B.R. 475 (Bankr. W.D. Tex. 1991)............................................... 8

## Statutes and Rules

F.R.B.P. 1001.......................................................................................................... 8

F.R.B.P. 1009....................................................................................................... 2, 3

F.R.B.P. 1009(a)...................................................................................................2, 6

F.R.B.P. 4003.......................................................................................................... 6

F.R.B.P. 4003(b)...................................................................................................... 7

F.R.B.P. 9006.......................................................................................................4, 9

F.R.B.P. 9013.......................................................................................................... 6

## STATEMENT OF THE CASE

### I. Discussion

#### A.    Introduction

As the Trustee stated in his principal brief,  *Law v. Siegel*, \_\_\_\_\_ U.S. \_\_\_,

134 S. Ct. 1188 (2014) may have[1] abrogated case-law exceptions to a debtor's right

to claim an exemption at any time before the case is closed.  *In re Mitchell*, 2014

WL 1725819 *8 (Bankr. N.D. Ohio), a case cited by the Trustee for that

proposition, provided the following explanation of *dicta* contained in *Law v. Siegel*:

> In writing for a unanimous Supreme Court in *Law v. Siegel,*
> Justice Scalia noted that barring a debtor from amending his schedules
> to claim an exemption because of the debtor's misconduct is "much
> the same thing" as disallowing an initial claim of exemption because
> of the debtor's misconduct. *Law v. Siegel,* \_\_\_\_ U.S. at \_\_\_, 134 S.Ct.
> at 1196. Therefore, *it is unclear* whether prior case law from the Sixth
> Circuit and other courts permitting a bankruptcy court to refuse to
> allow a debtor to amend exemptions in the face of bad faith or
> fraudulent concealment is still good law.

*Mitchell* at *8 (emphasis added).

Because the facts in *Mitchell* did not warrant a denial of the debtor's

exemption under the standard enunciated by this Court in *Lucius v. McLemore*, 741

F.2d 1258 (6th Cir. 1984), the *Mitchell* court did not reach the issue as to whether,

after *Law v. Siegel*, a bankruptcy court has the authority to deny a debtor's

amendment of a claim of exemptions prior to the closing of the case.  No court

---

[1]  The inclusion in the Trustee's brief of quotation marks around the phrase "may
have" was an error. The precise phrase used in *Mitchell* was "it is unclear."

other than the lower courts in the instant case has ruled on a post- *Law v. Siegel* amendment of a claim of exemptions made *after* the closing of the case.

### B.    *Law v. Siegel* did not invalidate Rule 1009(a).

The main issue in this appeal is whether *Law v. Siegel* abrogated F.R.B.P. 1009(a), and thereby overruled the application of the *Lucius* standard to a debtor's amendment of a claim of exemptions after a case has been closed.  As was explained in the Trustee's principal brief, there is no basis on which to conclude that the Supreme Court abrogated F.R.B.P. 1009(a) insofar as it limits a debtor's amendment of a claim of exemptions "as a matter of course" to amendments made prior to the closing of the case.  The Debtors have cited no authority for the proposition that F.R.B.P. 1009(a) was abrogated such that exemptions may now be amended as a matter of course "at any time" instead of "at any time before the case is closed."  *Law v. Siegel* did not involve a case which had been closed, did not mention Rule 1009(a), and did not discuss what the outcome might have been in a case which had been closed.  The case is therefore inapplicable.  The district court agreed with the Trustee on this point, stating that *"Siegel* does not preclude the Trustee from arguing that Bankruptcy Rule 1009 bars the Bakers' amendments." (District Court Docket # 11, Order at 8, Page ID #1115).[2]

---

[2]  The Trustee nevertheless argues this point because the court of appeals directly reviews the bankruptcy court's decision. *In re Fordu*, 201 F.2d 693, 696, n.1 (6th Cir. 1999).

### C. Bad faith continues to be a basis for the denial of an attempted amendment of a claim of exemptions after the case has been closed.

The district court chose to frame the issue in this case as whether "Rule 1009 bars the Bakers' amendments." *Id.* This is a distinction without a difference. Rule 1009 bars the amendments not because a claim of exemptions may never be amended after the case has been closed. Rather, the amendments are barred because the Debtors are guilty of bad faith. The ultimate issue is bad faith. The Trustee alleged in the Objection that the amended claim of objections "interfered with the Trustee's administration of the bankruptcy case" (Objection, ¶ 33 at 5, Page ID #12), was made in bad faith (Objection, ¶¶ 34, 38 at 6, Page ID #13), that the asset was concealed (Objection, ¶ 35 at 6, Page ID #13), and that the Debtors acted recklessly (Objection, ¶¶ 36, 37 at 6, Page ID #13). The Trustee in the Objection cited cases from this circuit supporting the disallowance of the exemption based upon the Trustee's characterizations of the Debtors' conduct.

The Trustee did not, following the issuance by the Supreme Court of its decision in *Law v. Siegel*, assert a new basis for his objection. The issue remained whether the Debtors were guilty of bad faith. Nor was any argument waived by the Trustee. Rather, the Trustee, in his oral argument before the bankruptcy court, distinguished *Law v. Siegel.* His counsel argued "that case is not applicable to our case because the amendment to the exemption that's at issue here was filed under Rule 1009." (Bankruptcy Court Transcript, p.6, Page ID #235, lines 3-5).

The district court erroneously concluded that the Trustee fundamentally

changed the basis for the Objection from "bad faith" to an argument that a claim of

exemption cannot be amended after a case has been closed.  The district court

based its conclusion that the Trustee switched arguments on the false premise that

the Trustee "largely abandoned his *Lucius* arguments after the Supreme Court

decided *Siegel* – and for good reason." (District Court Opinion at 5).  The district

court cited no basis for a determination that the Trustee "largely abandoned" his

arguments.  The district court's determination is not supported by the record and

should be set aside as clearly erroneous.

**D.    The Objection was made with adequate specificity, and if not,
the Trustee should have been permitted to amend it.**

The district court did not reject the Trustee's argument that bad faith (in its

various forms) is the ultimate issue.  Instead, the district court determined that the

Trustee failed to *correctly* allege bad faith.  According to the district court, with the

Supreme Court's decision in *Law v. Siegel,* bad faith is an issue in rebuttal to an

argument by the debtor that the debtor's amendment to a claim of exemptions after

the closing of the case is allowable under F.R.B.P. 9006 because of excusable

neglect.  Thus, according to the district court, instead of simply alleging bad faith,

the Trustee should have argued, in accordance with the logic employed in *In re*

*Poulette*, 493 B.R. 729 (Bankr. D. Md. 2013), that the amendment is not allowable

as a matter of course, but rather is allowable only if the Debtors can show

4

excusable neglect. The next step for the Trustee in this more complicated process newly established by the district court would be to allege that the Debtors will not be able to demonstrate excusable neglect. In this case, as in most cases, excusable neglect hinges upon an absence of bad faith. As the district court explained: "It is only at this point – and only as a defense permitted by the Bankruptcy Rules against an enlargement of time – that the debtor's motives and conduct become relevant." (District Court Order, Page ID # 1115). The district court faulted the Trustee for having somehow raised the bad faith issue out of order.

The district court's *ex post facto* adoption of *Poulette* as the new guidepost for an objection to a post-closing amendment to a claim of exemptions was improper for four primary reasons. First, it imposed an unprecedented standard of specificity for the Objection. Second, this new standard was applied retroactively by the district court without giving the Trustee an opportunity to conform to it. Third, the district court was inconsistent in its application of *Poulette* as the new standard. It was applied only to the Trustee and not to the Debtors. Fourth, the *Poulette* analysis is not substantively different than the simple "bad faith" analysis heretofore applied in this circuit.

### 1.    The Objection stated a claim.

The Objection met the standard of specificity. It consisted of 45 numbered paragraphs and was supported by a five-page brief. The Objection made specific allegations of bad faith in its several variations as set forth above. The Objection

5

recited that the case had been closed (Objection, ¶19, Page ID 10) and quoted

F.R.B.P. 1009(a) *verbatim.* (Objection, ¶42, Page ID #13). This exceeded the

requirement that the Objection make "a short and plain statement of the claim

showing that the pleader is entitled to relief." F.R.Civ.P. 8 (a)(2).[3] As was

articulated recently by the Supreme Court in *Johnson v. City of Shelby, Mississippi*,

____ S. Ct. ____, 2014 WL 5798626 *____: "A plaintiff … must plead facts

sufficient to show that her claim has substantive plausibility … [but][t]he federal

rules effectively abolish the restrictive theory of the pleadings doctrine, making it

clear that it is unnecessary to set out a legal theory for the plaintiff's claim for

relief." *Id.* (internal citations omitted). The Trustee's Objection set out, and

supported with case citations, several precise legal theories for his claim for relief.

Neither the Debtors nor the lower courts cited authority for the higher pleading

standard which the Objection supposedly failed to meet. The Debtors have cited

no authority for the proposition that a party must distinguish, in advance, a case

which has not yet been decided.

---

[3] Although F.R. Civ. P. 8 does not apply in bankruptcy contested matters, F.R.B.P. 4003 does not specify a more rigorous standard for an objection to a claim of exemption. A motion governed by F.R.B.P. 9013 must "state with particularity" the grounds for the motion so that the court "can comprehend the basis for the motion and deal fairly with it," *In re Riding*, 44 B.R. 846, 858 (Bankr. D. Utah 1984), but the Objection was not a motion under F.R.B.P. 9013. *In re Rijos*, 263 B.R. 382, 391 (1st Cir BAP 2001). The Objection nevertheless met the more rigorous standard applied to motions because it stated the grounds – bad faith – with particularity.

### 2.    If the Objection required amendment, the Trustee should have been permitted to amend it.

As was argued in the Trustee's principal brief, the law is not so inflexible

that the Trustee should not have been permitted to amend the Objection in light of

*Law v. Siegel.* This Court, in *In re Grosslight*, 757 F.2d 773, 777 (6th Cir. 1985),

allowed for an adversary proceeding which did not comply with "the letter of"

F.R.B.P 4003(b) to be treated as a timely objection to a debtor's claim of

exemptions. *Id.* If the Objection was somehow deficient, and the Trustee does not

concede that it was, there was no basis for the Trustee to be denied the opportunity

to correct that deficiency and have the Objection treated as timely. The fact that

Rule 4003(b) was determined in *In re Laurain*, 113 F.3d 595 (6th Cir. 1997) as the

Debtors argue, to be "jurisdictional" does not alter the result because there is no

question that the Objection was filed within the time limit. An amendment to an

objection to a claim of exemption will be considered timely if it meets the

requirements for relating back to the original, timely objection: "Had the amended

Objection merely raised new legal grounds to support the original timely filed

Objection, then the amended Objection would relate back to the original Objection.

*See In re Blum*, 39 B.R. 897 (Bkrtcy. S.D. Fla. 1984)." *In re Froid*, 89 B.R. 950,

952 (Bankr. M.D. Fla. 1988); *In re Shumac*, 425 B.R. 139 (Bankr. M.D. Pa. 2010);

*In re Swift*, 124 B.R. 475 (Bankr. W.D. Tex. 1991).[4]  This would have been the case if the Trustee had been permitted to amend his Objection, and the bankruptcy court would have retained jurisdiction to consider the amended Objection.

In his principal brief, the Trustee cited several cases involving securities regulation in which a party was allowed to amend pleadings when the amendment was occasioned by a change in the law.  Of similar import are cases where a change in pleading requirements was not applied retroactively to pending cases. *See, e.g. Culpepper v. Culpepper*, 147 Fla. 632, 3 S. 2d. 330 (1941); *Hayward v. Richardson Constr. Co.,* 136 Mont. 241, 347 P.2d 475 (1959) (both cited in *comment note, Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R. 1371).  This is a result more just and practical than that of the district court's ruling, the result of which is to disregard the goal of a "just, speedy, and inexpensive determination", F.R.B.P. 1001, and instead serve "the ancient dogma that the law declared by … courts had a Platonic or ideal existence before the act of declaration, in which event the discredited declaration will be viewed as if it had never been, and the reconsidered declaration as law from the beginning." *Great*

---

[4]  These "relation-back" cases were not cited in the brief filed by the Trustee with the district court because the bankruptcy court had held that under *Law v. Siegel* there was no possible objection which could be raised to the Debtors' exemption.  Therefore under the bankruptcy court's ruling, amendment of the Trustee's Objection was a moot point.  The Trustee nevertheless argued in his district-court brief that an amendment to a pleading should be permitted when required in response to a change in the law.

*Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 365 (1932)

(citations omitted).

> **3.    The Debtors failed to claim either excusable neglect or to argue that the bankruptcy court was precluded from disallowing the exemption based upon bad faith.**

The Debtors did not argue that "bad faith" is not the proper standard for

allowance of the Objection, did not plead "excusable neglect" in their response,

and did not invoke F.R.B.P. 9006.  (Response, Page ID #20-28).  If the Debtors

had been held to the same standard to which the district court held the Trustee, the

Debtors would have been found to have waived the argument that the Objection

was improper for the reasons later articulated in *Law v. Siegel*, or that the

Objection was procedurally improper for having failed to wait until the proper

point in the proceedings to raise bad faith as an issue.  The inconsistency of the

district court's application of a waiver rule illustrates the district court's error.

> **4.    Bad faith is nevertheless the issue.**

Bad faith ("whether the movant acted in good faith") is one of five factors

relevant to a determination of excusable neglect.  *Pioneer Inv. Servs. Co. v.*

*Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  A claim of excusable

neglect is defeated by a showing of bad faith.  Thus, unless the claim by a movant

of excusable neglect is first defeated on another basis, "bad faith" is the ultimate

issue in an "excusable neglect" analysis.  Because the Trustee alleged bad faith in

several forms, the Objection cannot be deemed deficient for not having identified

9

the basis for the Trustee's contention that the amended claim of exemptions should

not be allowed.  The determination by the lower courts that the Trustee failed to

meet a requirement of form, announced by the district court for the first time as a

result of an intervening Supreme Court decision, was not a sound basis for the

denial of the Objection.

### III.    Conclusion

The Court should set aside the bankruptcy court's order disallowing the

Objection, and either disallow the exemptions or remand the case to the bankruptcy

court for a determination of whether the Debtors' untimely claim of exemption is

barred by bad faith, concealment or laches.

*Respectfully submitted*,

**SILVERMAN & MORRIS, P.L.L.C.**

By:  */s/ Thomas R. Morris*
       Thomas R. Morris (P39141)
       Special Counsel to Chapter 7 Trustee
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
morris@silvermanmorris.com
(248) 539-1330   Fax:  (248) 539-1355

Dated:  December 11, 2014